IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:14-CV-607-RJC-DCK

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JAFRUM INTERNATIONAL, INC., HELMET VENTURE, INC., and TEGOL, INC., | ) ) ) ) |
| Defendants. | ) ) ) |
| JAFRUM INTERNATIONAL, INC., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| SENTINEL INSURANCE COMPANY and CONSOLIDATED MARKETING GROUP, INC. d/b/a CHARLOTTE INSURANCE, | ) ) ) ) |
| Third-Party Defendants. | ) ) |

**ANSWER TO DEFENSES AND COUNTERCLAIM**

COMES NOW Plaintiff Catlin Specialty Insurance Company ("Catlin") who responds, states, and answers Defendant Jafrum International, Inc.'s Defenses and Counterclaim as follows:

**<u>DEFENSES</u>**

1. Denied.

2. Denied.

3. Denied.

4. The remaining allegations in Defendant Jafrum International, Inc.'s Defenses are a prayer for relief to which no response is required. To the extent a response is required, denied.

## COUNTERCLAIM

### Jurisdiction and Venue

1. Admitted.

2. Admitted.

3. Catlin admits that it filed its Complaint in this Court, and thereby submitted itself to the jurisdiction of this Court for this action only. Except as expressly admitted, denied.

### Facts

4. Catlin admits that it issued Commercial General Liability Insurance Policy No. 3200300210 (the "Catlin Policy") to Defendant Jafrum International, Inc. Catlin further admits that the Catlin Policy speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

5. Catlin admits that the Catlin Policy referenced in Paragraph 5 of the Counterclaim speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

6. Catlin admits that the matter of *Helmet Venture, Inc., et al. v. Jafrum International, Inc.*, United States District Court, Central District of California, Case No. 2:14-cv-01307-RGK-SH (the "Underlying Action) was filed on February 21, 2014. Catlin further admits that Helmet Venture, Inc. filed an executed proof of service upon Jafrum International, Inc. in the Underlying Action dated June 18, 2014. Except as expressly admitted, denied.

7. Denied.

8. Catlin admits that the letter referenced in Paragraph 8 of the Counterclaim speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

9. Catlin admits that it has no duty to defend or indemnify Jafrum International, Inc. in the Underlying Action. Catlin further admits that the letter referenced in Paragraph 9 of the Counterclaim speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

10. Catlin admits that the letter referenced in Paragraph 10 of the Counterclaim speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

11. Catlin admits that it has no duty to defend or indemnify Jafrum International, Inc. in the Underlying Action. Catlin further admits that the letter referenced in Paragraph 11 of the Counterclaim speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

12. Catlin admits that the email referenced in Paragraph 12 of the Counterclaim speaks for itself and is the best evidence of its contents. Except as expressly admitted, denied.

13. Catlin admits that it filed this action on October 30, 2014. Catlin further admits that it seeks all of the relief requested in its pleadings, including, but not limited to, declaratory judgment that it has no duty to defend or indemnify Jafrum International, Inc. in the Underlying Action. Catlin further admits that its pleadings speak for themselves and are the best evidence of their contents. Except as expressly admitted, denied.

14. Catlin admits that there is an actual and justiciable controversy between itself and Jafrum International, Inc. Except as expressly admitted, denied.

15. Catlin admits that a judicial declaration of the rights and obligations of the parties is necessary and appropriate at this time. Except as expressly admitted, denied.

16. ALL ALLEGATIONS, INCLUDING THE PRAYER FOR RELIEF, THAT ARE NOT EXPRESSLY ADMITTED ARE DENIED. CATLIN EXPRESSLY RESERVES THE

RIGHT TO INTERPOSE ADDITIONAL RESPONSES, ANSWERS, DEFENSES, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND CROSS CLAIMS TO THE MAXIMUM EXTENT PERMITTED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND APPLICABLE LAW.

### FIRST AFFIRMATIVE DEFENSE

Catlin pleads and incorporates by reference all of the allegations, claims, and prayers for relief contained in its Complaint and other pleadings as if fully restated herein in bar or limitation of Jafrum International, Inc.'s Defenses and Counterclaim to the maximum extent permitted by applicable law.

### SECOND AFFIRMATIVE DEFENSE

Catlin pleads all contractual defenses, including, but not limited to, all of the terms, definitions, conditions, exclusions, and endorsements contained in the Catlin Policy, as well as lack of mutual assent, mistake, failure of consideration, and Jafrum International, Inc.'s breach of its own obligations in bar or limitation of Jafrum International, Inc.'s Defenses and Counterclaim to the maximum extent permitted by applicable law.

### THIRD AFFIRMATIVE DEFENSE

Catlin pleads all equitable defenses, including, but not limited to, the doctrines of *in pari delicto*, waiver, laches, equitable credit/setoff, estoppel, and unclean hands in bar or limitation of Jafrum International, Inc.'s Defenses and Counterclaim to the maximum extent permitted by applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Catlin pleads the doctrine of avoidable consequences and Jafrum International, Inc.'s failure to mitigate its alleged damages in limitation or bar of Jafrum International, Inc.'s Defenses and Counterclaim to the maximum extent permitted by applicable law.

WHEREFORE, having fully answered Jafrum International, Inc.'s Defenses and Counterclaim, Catlin respectfully requests the following relief:

a. That Jafrum International, Inc.'s Defenses and Counterclaim be dismissed with prejudice;

b. A declaration that Catlin has neither a duty to defend nor liability to furnish, pay or reimburse any party's legal fees or costs in connection with the Underlying Action;

c. A declaration that Catlin has neither a duty to indemnify nor liability to furnish, pay or reimburse any party for a judgment or settlement that may be rendered or reached against any party in the Underlying Action;

d. An award of the costs and fees incurred by Catlin in the pursuit and protection of this action;

e. That the Court award nothing to any party against Catlin; and

f. Such other legal and/or equitable relief as the Court may deem just or proper.

Respectfully submitted January 8, 2015.

/s/ Matthew R. Gambale
GREGORY W. BROWN
NC Bar # 26238 / VA Bar # 36369
MATTHEW R. GAMBALE
NC Bar # 43359
BROWN LAW LLP
4130 Parklake Avenue, Suite 130
Raleigh, North Carolina 27612
T: 919.719.0854
F: 919.719.0858
gregory@brownlawllp.com
gambale@brownlawllp.com
*Counsel for Catlin Specialty Insurance Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this the 8th day of January, 2015, the foregoing **ANSWER TO DEFENSES AND COUNTERCLAIM** was served on all counsel of record via the Court's CM/ECF filing system as follows:

R. Steven DeGeorge
ROBINSON BRADSHAW & HINSON, PA
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
sdegeorge@rbh.com
*Counsel for Jafrum International, Inc.*

Douglas W. Hanna
GRAEBE HANNA & SULLIVAN, PLLC
4350 Lassiter at North Hills, Suite 375
Raleigh, North Carolina 27609
dhanna@ghslawfirm.com
*Counsel for Sentinel Insurance Company*

Jason Robert Benton
PARKER POE ADAMS & BERNSTEIN, LLC
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
jasonbenton@parkerpoe.com
*Counsel for Consolidated Marketing Group, Inc.*

                                                  /s/ Matthew R. Gambale
                                                       BROWN LAW LLP