**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-607-RJC-DCK**

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   **MEMORANDUM AND**<br>)   **RECOMMENDATION**<br>)   **AND ORDER** |
| JAFRUM INTERNATIONAL, INC., HELMET VENTURE, INC., and TEGOL, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| JAFRUM INTERNATIONAL, INC., | )<br>) |
| Counterclaim Plaintiff, | )<br>) |
| v. | )<br>) |
| CATLIN SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Counterclaim Defendant. | )<br>) |
| JAFRUM INTERNATIONAL, INC., | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| SENTINEL INSURANCE COMPANY and CONSOLIDATED MARKETING GROUP, INC. d/b/a CHARLOTTE INSURANCE, | )<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant/Third-Party Plaintiff Jafrum International Inc.'s Motion For Leave To File Second Amended Third-Party Complaint Against Third-Party Defendant Consolidated Marketing Group, Inc. D/B/A Charlotte Insurance" (Document No. 32); and the parties' "Joint Rule 26(f) Report" (Document No. 30), construed by the Court as a "Joint Motion For Scheduling Order." These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend; <u>grant</u> the parties' joint request for a limited scheduling order; and recommend that "Third-Party Defendant Consolidated Marketing Group, Inc. D/B/A Charlotte Insurance's Motion For Judgment On The Pleadings" (Document No. 25) be <u>denied as moot</u>.

## BACKGROUND

Plaintiff Catlin Specialty Insurance Company ("Catlin") initiated this action with the filing of its "Complaint" (Document No. 1) on October 30, 2014. The Complaint "seeks declaration that the Policy of liability insurance it issued to Jafrum International, Inc. does not afford coverage for a claim in the United States District Court for the Central District of California." (Document No. 1, p.1). The claim in <u>Helmet Venture, Inc. and Tegol, Inc. vs. Jafrum International</u>, Case No. 2:14-cv-01307-RGK-SH ("Rebel Claim") "arises out of a dispute over trademark REBEL HELMETS in the motorcycle and apparel business." <u>Id.</u> The Complaint further asserts that Jafrum International, Inc. ("Jafrum"), Helmet Venture, Inc. ("Helmet Venture"), and Tegol, Inc. ("Tegol") are all proper parties to this action. (Document No. 1, p.2).

"Jafrum International, Inc.'s Answer, Counterclaim And Third-Party Complaint" (Document No. 3) was filed on November 18, 2014. Then on December 12, 2014, Jafrum filed its "…First Amended Third-Party Complaint" (Document No. 15). The First Amended Third-Party

2

Complaint asserts claims for: (1) declaratory judgment against Sentinel Insurance Company ("Sentinel"); (2) unfair and deceptive trade practices against Sentinel; and (3) negligence against Consolidated Marketing Group, Inc. d/b/a Charlotte Insurance ("Charlotte Insurance"). (Document No. 15).

"…Charlotte Insurance's Motion For Judgment On The Pleadings" (Document No. 25) was filed on March 25, 2015, and fully briefed as of April 30, 3015. See (Document Nos. 33 and 34).

The parties filed a "Joint Rule 26(f) Report" (Document No. 30) on April 9. 2015. By their report, the parties propose that the Court set a deadline for cross-motions for summary judgment and/or judgment on the pleadings, and stay discovery and mediation until after the Court has decided initial dispositive motions. (Document No. 30).

Also on April 9, 2015, an "Entry Of Default" (Document No. 31) was entered against Defendants Helmet Venture and Tegol.

"Defendant/Third-Party Plaintiff Jafrum International Inc.'s Motion For Leave To File Second Amended Third-Party Complaint Against Third-Party Defendant Consolidated Marketing Group, Inc. D/B/A Charlotte Insurance" (Document No. 32) was filed on April 20, 2015. Jafrum seeks to further amend its Third-Party Complaint by adding a fourth cause of action for breach of fiduciary duty against Charlotte Insurance. (Document No. 32; Document No. 32-1, p.7).

The pending motions have now been fully briefed and are ripe for review and disposition.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

### DISCUSSION

By its pending motion, Jafrum seeks leave to amend its "First Amended Third-Party Complaint" to add a claim for breach of fiduciary duty, "based on the same circumstances on which the negligence claim against Charlotte Insurance is based." (Document No. 32, p.2).

In opposition, Charlotte Insurance contends that the proposed amendment also "reveals subtle additions to the factual allegations forming the basis of the original negligence claim against Charlotte Insurance." (Document No. 35, p.5). Charlotte Insurance argues that the proposed amendment is futile based on the applicable statute of limitations, and that it does not relate back to the original pleading. (Document No. 35, pp.6-9). In addition, Charlotte Insurance argues that the motion to amend is brought in bad faith and after undue delay, and that Jafrum failed to include a brief with its pending motion in violation of Local Rule 7.1 (C). (Document No. 35, pp.9-11).

In its reply, Jafrum asserts that it seeks leave to amend "to clarify an allegation and add a breach of fiduciary duty claim." (Document No. 36, p.2). Jafrum further explains that the "proposed Second Amended Third-Party Complaint alleges more clearly that Charlotte Insurance's negligence continued when it procured renewal policies from Sentinel, and also includes a copy of Charlotte Insurance's January 30, 2012 letter to Jafrum, showing that Charlotte Insurance continued to serve as Jafrum's agent when it procured Sentinel's 2012 renewal policy." (Document No. 36, p.4).

The undersigned finds Jafrum's request for leave to amend to be persuasive. As noted, no scheduling order has been entered to date, and it appears that no discovery has taken place. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that Jafrum's motion to amend should be granted; however, barring extraordinary circumstances, further amendments to the third-party complaint are unlikely to be allowed.

If, as Charlotte Insurance suggests, the proposed amendment is not helpful to Jafrum's case, Charlotte Insurance will be able to re-assert its argument(s) in a motion for judgment on the pleadings or summary judgment with minimal inconvenience. Since the parties jointly propose that the Court next consider cross dispositive motions, the undersigned finds that it is in the best interests of justice and judicial economy to allow the proposed amendment, and then allow the parties to proceed with filing their dispositive motions. See (Document No. 30).

Because the "Second Amended Third-Party Complaint" will supersede the "First Amended Third-Party Complaint" (Document No. 15), the undersigned will respectfully recommend that "…Charlotte Insurance's Motion For Judgment On The Pleadings" (Document No. 25) be denied

as moot. This recommendation is without prejudice to Charlotte Insurance filing a renewed motion for judgment on the pleadings, or other dispositive motion, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant/Third-Party Plaintiff Jafrum International Inc.'s Motion For Leave To File Second Amended Third-Party Complaint Against Third-Party Defendant Consolidated Marketing Group, Inc. D/B/A Charlotte Insurance" (Document No. 32) is **GRANTED**. The "Second Amended Third-Party Complaint" shall be filed on or before **September 18, 2015**.[1]

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion

**IT IS FURTHER ORDERED** that the parties' "Joint Motion For Scheduling Order" (Document No. 30), requesting an initial scheduling order focused solely on dispositive motions, is **GRANTED**. The parties may file dispositive motions on or before **October 16, 2015**. The briefing schedule for such motions shall follow the time frames set forth in Local Rule 7.1 (E), unless additional time is specifically requested and allowed.

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Third-Party Defendant Consolidated Marketing Group, Inc. D/B/A Charlotte Insurance's Motion For Judgment On The Pleadings" (Document No. 25) be **DENIED AS MOOT**, without prejudice to re-file.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED AND RECOMMENDED**.

Signed: September 14, 2015

David C. Keesler
United States Magistrate Judge