# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-607-GCM-DCK

| | |
|---|---|
| JAFRUM INTERNATIONAL, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CONSOLIDATED MARKETING GROUP, INC. d/b/a CHARLOTTE INSURANCE, | ) |
| Third-Party Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Third-Party Plaintiff Jafrum International Inc.'s Motion For Summary Judgment On Breach Of Fiduciary Duty Claim" (Document No. 71); and "Third Party Defendant Consolidated Marketing Group d/b/a Charlotte Insurance's Motion For Summary Judgment" (Document No. 74). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will recommend that Third-Party Plaintiff Jafrum International Inc.'s motion be <u>denied</u> and that Third Party Defendant Charlotte Insurance's motion be <u>granted in part and denied in part</u>.

## BACKGROUND

Plaintiff Catlin Specialty Insurance Company ("Catlin") initiated this action with the filing of its "Complaint" (Document No. 1) on October 30, 2014. The Complaint "seeks declaration that the Policy of liability insurance it issued to Jafrum International, Inc. does not afford coverage for a claim in the United States District Court for the Central District of California." (Document No.

1, p. 1). The claim, filed as Helmet Venture, Inc. and Tegol, Inc. vs. Jafrum International, Case No. 2:14-cv-01307-RGK-SH (the "Rebel Claim"), "arises out of a dispute over trademark REBEL HELMETS in the motorcycle and apparel business." Id. Catlin contends that "the Rebel Claim does not fall within the Insuring Agreement of any Coverage provided by Catlin's Policy and/or is excluded by the Policy's Exclusions," and therefore, Catlin is "entitled to a declaration that it has no obligation to defend or indemnify any party in connection with the Rebel Claim." Id. The Complaint further asserts that Jafrum International, Inc. ("Jafrum"), Helmet Venture, Inc. ("Helmet Venture"), and Tegol, Inc. ("Tegol") are all interested parties in the Rebel Claim and would be bound by any declaration of Catlin's rights and/or obligations, and as such they are all proper parties to this action. (Document No. 1, p. 2).

Jafrum designs, manufactures, and sells helmets, clothing, bags, and apparel. (Document No. 1, p. 3). Jafrum, Helmet Venture, and Tegol each began using the trademark "REBEL HELMETS" between 2009 and 2013, with regard to similar or identical motorcycle helmets and apparel. (Document No. 1, p. 4). Helmet Venture filed the Rebel Claim lawsuit on or about February 21, 2014, in the Central District of California. Id. Helmet Venture later added Tegol as a plaintiff, and all the claims and allegations "refer to or are underpinned by Jafrum's alleged infringement of the REBEL HELMETS trademark." (Document No. 1, p. 5).

"Jafrum International, Inc.'s Answer, Counterclaim And Third-Party Complaint" (Document No. 3) was filed on November 18, 2014. Then on December 12, 2014, Jafrum filed its "…First Amended Third-Party Complaint" (Document No. 15). The First Amended Third-Party Complaint asserts claims for: (1) declaratory judgment against Sentinel Insurance Company ("Sentinel"); (2) unfair and deceptive trade practices against Sentinel; and (3) negligence against Consolidated Marketing Group, Inc. d/b/a Charlotte Insurance ("Charlotte Insurance").

2

(Document No. 15, pp. 2-5). Jafrum's First Amended Third Party Complaint alleges that: "[a]t the times Charlotte Insurance procured the Catlin Policy and the Sentinel Policy, Jafrum informed Charlotte Insurance of Jafrum's need for insurance covering, among other things, claims related to trademark infringement, and requested that any insurance procured by Charlotte Insurance include such coverage." (Document No. 15, ¶ 21). On February 17, 2015, Charlotte Insurance filed its "…Answer To First Amended Third-Party Complaint" (Document No. 22).

On April 9, 2015, the Court granted Plaintiff Catlin's "Motion For Entry Of Default" (Document No. 29) and issued an "Entry Of Default" (Document No. 31) as to Defendants Helmet Venture and Tegol.

"Jafrum International, Inc.'s Second Amended Third-Party Complaint" (Document No. 32) was filed on September 15, 2015. By the Second Amended Third-Party Complaint, Jafrum added a fourth cause of action for breach of fiduciary duty against Charlotte Insurance. (Document No. 38, p. 6). "…Charlotte Insurance's Answer To Second Amended Third-Party Complaint" (Document No. 39) was filed on September 29, 2015.

This case was reassigned to the Honorable Graham C. Mullen on November 3, 2015.

On April 18, 2016, Charlotte Insurance filed a "…Motion For Judgment On The Pleadings" (Document No. 49). "Sentinel Insurance Company's Motion For Judgment On The Pleadings" (Document No. 51) and "Plaintiff Catlin Specialty Insurance Company's Motion For Summary Judgment" (Document No. 53) were also filed on April 18, 2016.

Judge Mullen issued an Order on January 19, 2017: granting Plaintiff Catlin's "…Motion For Summary Judgment;" granting Third-Party Defendant Sentinel's "…Motion For Judgment On The Pleadings;" and granting in part and denying in part Charlotte Insurance's "…Motion For Judgment On The Pleadings." Judge Mullen granted Catlin's motion, noting that "the complaint

simply does not indicate that Jafrum engaged in any wrongdoing besides its use of the REBEL HELMETS trademark, and the allegations of trademark infringement clearly fall within the language of the [Catlin] policy exclusion." (Document No. 65, p. 12). Similarly, in finding in favor of Sentinel, Judge Mullen concluded that "the intellectual property exclusion [in the Sentinel policy] applies to Helmet Venture's complaint, and Sentinel was not required to provide a defense in the ensuing litigation." (Document No. 65, p. 16).

Regarding Charlotte Insurance's motion for judgment on the pleadings, Judge Mullen first addressed Jafrum's contention that it had insisted on trademark infringement coverage and that Charlotte Insurance failed to procure it. (Document No. 65, pp. 17-18). Judge Mullen noted that Jafrum's negligence claim is governed by a three-year statute of limitations, but the parties dispute the correct accrual date. (Document No. 65, p. 17) (citing N.C.Gen.Stat. § 1-52(5)). The Court found that the second Sentinel policy, procured on March 12, 2012, fell within the applicable three-year limitations period and denied the motion as to that policy, but the Court granted the motion as to the first Catlin and Sentinel policies. (Document No. 65, p. 18).

Secondly, Judge Mullen addressed Jafrum's fiduciary duty claim, and noted the parties again disagreed on the correct accrual date of the applicable statute of limitations. Id. The Court concluded that:

> Jafrum's claims for breach of fiduciary duty began to accrue when it discovered, or ought to have discovered, through reasonable diligence that its insurance policies did not include coverage for trademark infringement. This question is fact bound, and thus inappropriate for resolution on a motion for judgment on the pleadings. *See Piles*, 653 S.E.2d. at 184. Accordingly, Charlotte Insurance's Motion will be denied as to Jafrum's breach of fiduciary duty claim.

(Document No. 65, p. 20).

In Piles, the Court of Appeals of North Carolina opined that

4

> [a]lthough it is well established that '[w]hether a cause of action is barred by the statute of limitations is a mixed question of law and fact[,]" *Jack H. Winslow Farms, Inc. v. Dedmon,* 171 N.C.App. 754, 756, 615 S.E.2d 41, 43, *disc. review denied,* 360 N.C. 64, 621 S.E.2d 625 (2005), we have also noted that **"[w]hen the evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury**."

Piles v. Allstate Ins. Co., 187 N.C.App. 399, 403 (2007) (quoting Everts v. Parkinson, 147 N.C.App. 315, 319 (2001) (emphasis added).

Following the Court's ruling on those dispositive motions (Document Nos. 49, 51, and 53) the parties submitted their "Certification And Report Of Initial Attorney's Conference" (Document No. 66). On March 1, 2017, Judge Mullen issued a "Pretrial Order And Case Management Plan" (Document No. 67). The "…Case Management Plan" includes the following deadlines: discovery completion – October 31, 2017; mediation – January 19, 2018; dispositive motions – February 16, 2018; and trial – June 11, 2018. (Document No. 67).[1] The remaining parties, Jafrum and Charlotte Insurance, participated in a mediation on February 5, 2018, resulting in an impasse. (Document No. 70).

Now pending are "Third-Party Plaintiff Jafrum International Inc.'s Motion For Summary Judgment On Breach Of Fiduciary Duty Claim" (Document No. 71) filed on February 14, 2018, and "Third Party Defendant Consolidated Marketing Group d/b/a Charlotte Insurance's Motion For Summary Judgment" (Document No. 74) filed on February 27, 2018. These motions have been referred to the undersigned Magistrate Judge.

The pending motions have now been fully briefed and are ripe for review and a recommendation to the Honorable Graham C. Mullen.

---

[1] Subsequently, the mediation deadline was re-set to February 20, 2018; the dispositive motions deadline was re-set to February 27, 2018; and the trial date has been re-set for September 10, 2018. See (Document Nos. 69 and 80).

5

## STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. At summary judgment, it is inappropriate for a court to weigh evidence or make credibility determinations. Id.

When considering cross-motions for summary judgment, a court evaluates each motion separately on its own merits using the standard set forth above. See Rossignol v. Voorhaar, 316 F.3d 516, 522 (4th Cir. 2003); accord Local 2-1971 of Pace Int'l Union v. Cooper, 364 F.Supp.2d

6

Case 3:14-cv-00607-GCM-DCK   Document 81   Filed 07/18/18   Page 6 of 15

546, 554 (W.D.N.C. 2005).  Here, both Plaintiff and Defendant have moved for summary judgment, and the Court will analyze each motion in turn.

## DISCUSSION

**A. Jafrum's Motion For Summary Judgment on Breach of Fiduciary Duty Claim**

Jafrum contends that Charlotte Insurance breached its fiduciary duties to Jafrum by failing to:  (1) procure the requested trademark coverage;  (2) inform Jafrum of the failure to procure trademark coverage;  and (3) advise Jafrum of the nature and scope of its coverage.  (Document No. 72, pp. 5-8).  Jafrum does not seek summary judgment on its negligence claim.  (Document Nos. 71, 72).

Jafrum asserts that "the question is whether Jafrum 'ought to have discovered through reasonable diligence' that Charlotte Insurance had not procured trademark coverage before November 18, 2011 (three years before Jafrum sued Charlotte Insurance herein)." (Document No. 72, p. 7) (citing Document No. 3);  see also, (Document No. 65, p. 20).  Jafrum then states that "[a]lthough **reasonable diligence is typically a jury issue**, like any question of fact, it is appropriate for summary judgment where a reasonable jury could not return a verdict for the nonmoving party."  Id. (citing Liberty Lobby, 477 U.S. at 248) (emphasis added).

Jafrum argues that "fiduciary duties would have no meaning if Charlotte Insurance could fail to do its job at every turn, and then foist responsibility on Jafrum…."  Id.  Jafrum contends that Charlotte Insurance neglected its duty by never reading the policy(ies) at issue, violating its own protocol by failing to send the initial policy to Jafrum, and not ensuring that the Sentinel insurance would cover trademarks as instructed by Jafrum.  (Document No. 72, pp. 6-8).

Jafrum concludes that under the "undisputed facts" it has identified, the Court may rule as a matter of law that Jafrum did not fail to act in a reasonably diligent manner.  (Document No. 72,

7

p. 8). It is Jafrum's position that it "neither knew or should have known that Charlotte Insurance breached its fiduciary duty until Jafrum received Catlin's denial of coverage for any claims asserted in the Underlying Lawsuit on or about June 9, 2014." (Document No. 38, p. 6) (citing Document No. 1-4).

In opposition, Charlotte Insurance asserts that Jafrum "omits relevant facts and skews what facts are included in a light most favorable to itself." (Document No. 76, p. 1). For example, Charlotte Insurance notes that its agent, Markos Keller, testified that "Mr. Mohammed never asked him or, as far as he knew, anyone else at Charlotte Insurance about procuring trademark infringement coverage."[2] (Document No. 76, pp. 1-2) (citing Document No. 72-2, 7:19-8:12; 16:22-25; 17:11-25; 24:25-25:9; 31:1-5; 33:10-14; 45:8-11). In addition, Charlotte Insurance asserts that Jafrum "fails to even note Mr. Mohammed's testimony that he did not fully read Jafrum's various CGL policies every year for nearly a decade." (Document No. 76, p. 2) (citing Document No. 75-2, 83:22-84:8; 145:20-25). Charlotte Insurance also contends that "there is no record evidence" that it had protocol requiring it to send a policy to Jafrum electronically. Id.

Charlotte Insurance first argues that it did not have a fiduciary duty to advise Jafrum that it lacked coverage that Jafrum never requested. (Document No. 76, pp. 3-5). Contrary to Jafrum's position that it "instructed Charlotte Insurance to ensure that Sentinel/Hartford would cover "Trademarks," Charlotte Insurance now contends that "Jafrum did not make a request of Charlotte Insurance to procure trademark infringement coverage." (Document No. 72, p. 6; Document No. 76, p. 3) (citations omitted). Charlotte Insurance further states:

> Charlotte Insurance could not fulfill a request that was never made of it. Nor could Charlotte Insurance advise that it was unable to procure insurance that was never specifically requested by the customer. Moreover, agents do not generally have a fiduciary duty "to affirmatively warn… customers of provisions contained in

---

[2] Jaffer Sait Mohammed is the CEO of Jafrum International, Inc. See (Document No. 75-2, p.5).

> insurance policies." *Baggett v. Summerlin Ins. & Realty, Inc.*, 143 N.C. App. 43, 53, 545 S.E.2d 462, 468 (2001) (Tyson, J., dissenting), <u>rev'd for reasons stated in the dissent</u>, 354 N.C. 347, 554 S.E.2d 336 (2001).

(Document No. 76, pp. 3-4). Charlotte Insurance concludes that Mr. Mohammed had the opportunity and duty to read the 2011 Sentinel Policy, and that if he had, he would have learned that it did not include trademark infringement coverage. (Document No. 76, pp. 4-5).

Next, Charlotte Insurance argues that it did not have an implied duty to advise Jafrum because no "special relationship" existed between the parties. (Document No. 76, pp. 5-7). Charlotte Insurance disputes that it should have inferred that Jafrum wanted trademark insurance coverage based on its reported prior claims history. (Document No. 76, p. 5) (citing Document No. 72, p. 6). The response notes that "[t]here is a distinction at law between the general fiduciary duty that agents owe their customers – 'to name the insured correctly and advise [i.e. notify] the insured of the nature and extent of the coverage' – and the so-called 'implied duty to [affirmatively] advise' the customer of coverage options." Id. Charlotte Insurance concludes that it satisfied its general fiduciary duty to Jafrum. Id.

Finally, Charlotte Insurance argues that "Jafrum essentially admits that its failure to read the 2011 Sentinel Policy time-bars the entire breach of fiduciary duty claim." (Document No. 76, p. 8). Charlotte Insurance suggests that Jafrum is asserting "an equity claim as to why the statute of limitations should not apply here." Id. Charlotte Insurance contends that Jafrum has refused to accept responsibility for its own affairs, and that minimal diligence would have avoided its longstanding confusion about whether State Farm, Catlin, or Sentinel provided trademark infringement coverage.

In reply, Jafrum first argues that Charlotte Insurance has admitted that it "**incorrectly** advised Jafrum on the nature and scope of its coverage." (Document No. 77, p. 3) (citing

9

Document No. 76, p. 5). According to Jafrum, Charlotte Insurance acknowledges its duty to correctly advise Jafrum about the nature and scope of its coverage, but did not fulfill this duty when it failed to identify the exclusions that would appear in the policy it was procuring for Jafrum. Id.

Next, Jafrum's reply asserts that the fiduciary duty claim is not time barred. (Document No. 77, pp. 5-8). Jafrum notes that this Court "ruled previously that the applicable three-year limitations period began to run when Jafrum 'discovered, or ought to have discovered, through reasonable diligence that its insurance policies did not include coverage for trademark infringement." (Document No. 77, pp. 5-6) (citing Document No. 65, p. 20 and Liberty Lobby, 477 U.S. at 248). Although this Court held that the question of when Jafrum made this discovery, or ought to have made this discovery through reasonable diligence –"is fact bound" – Jafrum focuses on disputing Charlotte Insurance's legal arguments. (Document No. 65, p. 20; Document No 77, pp. 6-7).

Jafrum then suggests that its failure to review its insurance policies was "justified" under "special circumstances" if it "acted with reasonable prudence." (Document No. 77, p. 7). Jafrum seems to assert that special circumstances exist here because it is undisputed that Charlotte Insurance deliberately misinformed Jafrum of the exclusions its policy would contain. Id.

The undersigned is not persuaded that Jafrum has met its burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. To the contrary, the briefing on this issue suggests there are still questions of fact, just as there were when the Court looked at this issue in January 2017. See (Document No. 65, pp. 18-20). It appears to the undersigned that questions of whether Jafrum acted with "reasonable diligence" or "reasonable prudence" are jury issues. Liberty Lobby, 477 U.S. at 248. Moreover, the parties flatly contradict

each other as to whether Jafrum requested/instructed Charlotte Insurance to procure policy(ies) that covered trademarks, and they offer competing evidence that is not appropriate for the Court to weigh. Compare (Document No. 72, p. 6 and Document No. 76, p. 3). See also (Document No. 38-1; Document No. 72-6).

Based on the foregoing, the undersigned will respectfully recommend that Jafrum's motion for summary judgment be denied.

## B. Charlotte Insurance's Motion For Summary Judgment on All Claims

Charlotte Insurance's cross motion for summary judgment seeks judgment as to all claims asserted by Jafrum. (Document No. 74, p. 1).

### 1. Negligence

First, Charlotte Insurance addresses the remaining negligence claim as it pertains to the 2012 Sentinel Policy. (Document No. 75, pp. 7-8); see also (Document No. 65, pp. 17-18). Charlotte Insurance notes that the only allegation in the negligence claim is that it failed to procure insurance that Jafrum specifically requested. (Document No. 75, p.9). However, Charlotte Insurance argues that Jafrum never requested trademark insurance coverage after 2011. Id. (citing (Document No. 75-2, 147:21-148:1; 156:23-158:15); see also (Document No. 72-6). As such, Charlotte Insurance contends that a duty to procure trademark infringement insurance did not arise as to the 2012 Sentinel Renewal. Id.

Next, Charlotte Insurance argues that it is entitled to judgment based on Jafrum's contributory negligence. (Document No. 75, p. 10). Charlotte Insurance notes that Mr. Mohammed testified that he did not fully review the insurance policies sent to Jafrum by State Farm or Charlotte Insurance. Id. (citing Document No. 75-2, 83:22-84:8; 143:18-144:2 145:20-

11

25 and Document No. 75-7). Rather, he scanned through the policies and did not spot any issues. Id. Charlotte Insurance provides the following authority in support:

> Where a party has reasonable opportunity to read the instrument in question, and the language of the instrument is clear, unambiguous, and easily understood, failure to read the instrument bars that party from asserting its belief that the policy contained provisions that it does not.
>
> *Baggett*, 545 S.E.2d 462, 468-69. Failure of an insured to read an insurance policy is negligence and "knowledge of the contents [of the policy] will be imputed to him…" *Elam v. Smithdeal Realty & Ins. Co.*, 182 N.C. 599, 603, 109 S.E. 632, 634 (1921).

Id.

In opposition to Charlotte Insurance's motion, Jafrum argues that its negligence claim is not time barred as to the 2012 Sentinel Policy. (Document No. 78, p. 6). Jafrum suggests that it was not required to specifically instruct Charlotte Insurance to procure trademark insurance; instead, Charlotte Insurance had a continuing duty to procure requested insurance and advise the client. Id. (citing Lilly v. Prudential Ins. Co., 2006 WL 2568974, at *2 (M.D.N.C. Sept. 1, 2006)).

Regarding contributory negligence, Jafrum acknowledges that failing to read a policy "may constitute contributory negligence," but argues that the question "requires a factual determination that failure to read the policy was negligent under the circumstances." (Document No. 78, p. 7) (quoting Fli–Back Co. v. Philadelphia Mfrs. Mut. Ins. Co., 502 F.2d 214, 217 (4th Cir. 1974).

In reply, Charlotte Insurance argues that Jafrum now concedes that it made no separate request to Charlotte Insurance for trademark infringement coverage while renewing its Sentinel Policy in 2012. (Document No. 79, p. 1) (citing Document No. 78, p. 6). Charlotte Insurance notes that Jafrum avoided a judgment on the pleadings in January 2017, as to its entire negligence claim, by claiming in its Second Amended Complaint that it *had* requested trademark infringement

12

coverage for each policy, "including all renewals thereof." (Document No. 79, p. 2) (citing Document No. 38, ¶ 21). Charlotte Insurance contends this allegation allowed the negligence claim to survive the Court's statute of limitations scrutiny because the allegation forecast a negligent act in 2012, within the three-year statute of limitations period. Id.; see also (Document No. 79, p. 2) and (Document No. 65, p. 18) ("the Court will grant Charlotte Insurance's Motion to the extent it pertains to the first Catlin and Sentinel Policies, but deny the Motion as to the subsequent Sentinel Policy, procured on March 12, 2012."). Charlotte Insurance concludes that

> [n]ow that the alleged 2012 request for coverage is off the table, it is clear that Charlotte Insurance is entitled to summary judgment on the entire negligence claim on the basis of the statue of limitations because the alleged wrong giving rise to the claim was the failure to procure coverage in response to the last Jafrum request, in 2011.

(Document No. 79, p 2).

The undersigned finds Charlotte Insurance's argument persuasive. It does appear that Jafrum now concedes that it did not request trademark insurance within the applicable statute of limitations period. See (Document No. 78, p. 6). As such, Charlotte Insurance presents a compelling argument that it did not have a duty to procure specific coverage unless Jafrum had requested it, and that Jafrum only avoided earlier judgment by asserting it had made such a request within the applicable statute of limitations. See (Document No. 79, pp. 1-2); and (Document No. 75, p. 9) (citing Baggett 143 N.C.App. at 50).

Based on the foregoing the undersigned will recommend that summary judgment be granted in favor of Charlotte Insurance as to Jafrum's remaining claim of negligence. If the Court determines upon further review that Charlotte Insurance had a continuing obligation to procure trademark insurance, then the undersigned would recommend that the issue of contributory negligence be presented to a jury.

**2. Fiduciary Duty**

Charlotte Insurance also seeks summary judgment on the claim that it breached its fiduciary duty to Jafrum. (Document No. 75, pp. 11-22); see also, (Document No. 38, p. 6). The undersigned has carefully reviewed Charlotte Insurance's arguments, but is not convinced that Charlotte Insurance has added any new facts or analysis that changes the undersigned's conclusion about this issue, as discussed above. Id. Charlotte Insurance still argues that Jafrum "should have discovered the absence of trademark infringement coverage" in or about 2011. (Document No. 75, p. 14). It asserts that "[a]t the very least, **reasonable diligence** on or around March 21, 2011 should have included a Jafrum inquiry as to whether the 2010 Catlin Policy also excluded trademark infringement coverage." Id. (emphasis added).

Responding to Charlotte Insurance's motion, Jafrum contends, in part, that this issue should be submitted to a jury. (Document No. 78, pp. 8-9) (citations omitted).

Based on all the parties' briefs and this Court's previous determination that these issues are "fact bound," the undersigned will respectfully recommend that Charlotte Insurance's motion be denied as to whether it breached its fiduciary duty to Jafrum.

### CONCLUSION

**IT IS, THEREFORE, RECOMMENDED** that "Third-Party Plaintiff Jafrum International Inc.'s Motion For Summary Judgment On Breach Of Fiduciary Duty Claim" (Document No. 71) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that "Third Party Defendant Consolidated Marketing Group d/b/a Charlotte Insurance's Motion For Summary Judgment" (Document No. 74) be **GRANTED in part, and DENIED in part**, as described herein.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO RECOMMENDED**.

Signed: July 18, 2018

David C. Keesler
United States Magistrate Judge