# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00607-GCM-DCK

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    **ORDER**<br>) |
| TEGOL, INC.<br>HELMET VENTURE, INC.<br>JAFRUM INTERNATIONAL, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Third-Party Plaintiff Jafrum International Inc.'s ("Jafrum") Motion for Summary Judgment on the breach of fiduciary duty claim (Doc. No. 71); and Third-Party Defendant Consolidated Marketing Group d/b/a Charlotte Insurance's Motion for Summary Judgment (Doc. No. 74). On July 18, 2018, Magistrate Judge David Keesler issued a Memorandum and Recommendation recommending that the Court deny Third-Party Plaintiff Jafrum's Motion and grant in part and deny in part Third-Party Defendant Charlotte Insurance's ("Charlotte Insurance") Motion (Doc. No. 81). Charlotte Insurance filed a limited objection to the Memorandum and Recommendation on August 1, 2018 (Doc. No. 82). Jafrum submitted a reply to the objection on August 3, 2018 (Doc. No. 83). Accordingly, this matter is ripe for disposition.

## I. BACKGROUND

As the only objection to the Memorandum and Recommendation concerned the denial of Charlotte Insurance's Motion for Summary Judgement, the following facts are presented in the

1

light most favorable to the non-moving party, Jafrum. Jafrum is a business that sells motorcycle clothing and accessories. (Doc. No. 1, p. 3). In 2009, Jafrum began to seek a new insurance provider. (Doc. No. 75, p. 2-3). To do so, Jafrum contacted Charlotte Insurance to obtain an insurance policy on its behalf. *Id.* During this conversation, Jafrum requested that Charlotte Insurance provide a policy that covered, *inter alia*, trademark and copyright infringement. *Id.* at 3. Specifically, Jafrum's CEO stated that trademark coverage was a "main concern" for his company. (Doc. No. 78, p. 2).

In 2009, Charlotte Insurance obtained a policy on behalf of Jafrum through Catlin Specialty Insurance Company ("Catlin"). Jafrum requested, at that time, a list of the coverage exclusions contained within that policy. *Id.* at 3. Charlotte Insurance provided a list of exclusions to Jafrum. *Id.* That list did not contain an exclusion for trademark or copyright infringement. *Id.* However, the policy ultimately obtained by Charlotte Insurance contained an exclusion for trademark and copyright infringement.[1]

That policy remained effective until February 2011. In February 2011, Charlotte Insurance informed Jafrum that Catlin declined to renew the policy. (Doc. No. 75, p. 4). Jafrum requested that Charlotte Insurance obtain a policy from another company that provided the same coverage as the original policy. (Doc. No. 78, p. 4). In that correspondence, Jafrum stated, "Please keep the current policy without any changes and please find from Hartford clearly that whether [sic] they will insure Products-Completed/Operations, Copyright, Patents, Trademarks, Advertising injuries etc." (Doc. No. 72-6).

Charlotte Insurance obtained a policy on behalf of Jafrum in 2011 from Sentinel Insurance Company ("Sentinel"). (Doc. No. 78, p. 5). Again, that policy had a coverage exclusion for

---

[1] "This insurance does not apply to: . . . 'Personal and advertising injury' arising out of the infringement of copyright, patent, trade-mark, trade secret or other intellectual property rights." (Doc. No. 1-3).

trademark and copyright infringement.[2] Charlotte Insurance delivered the Sentinel policy to Jafrum on March 21, 2011. *Id.* The policy also contained a cover letter that instructed Jafrum to "become aware of the coverages afforded by your policy." *Id.* Despite that instruction, Jafrum's CEO did not read the entire policy but rather skimmed the document. *Id.* Jafrum's CEO did not discover the coverage exclusion for trademark and copyright infringement during this review of the policy. Sentinel renewed the policy the following year and delivered it to Jafrum on January 30, 2012. *Id.* The renewed policy also contained the trademark and copyright exclusion. *Id.* at 5-6.

On February 21, 2014, Helmet Venture, Inc. filed a lawsuit against Jafrum alleging trademark infringement that began in 2009. (Doc. No. 75, p. 5). In 2014, Catlin filed suit in this Court requesting declaratory judgment that Catlin did not owe a defense to Jafrum due to the policy exclusion found within the 2010 policy. (Doc. No. 1). Jafrum answered and filed a Third-Party Complaint against Charlotte Insurance. (Doc. No. 3). Jafrum later filed a Third-Party Amended Complaint alleging that Charlotte Insurance breached their fiduciary duty by not procuring trademark and copyright insurance on behalf of Jafrum. (Doc. No. 38). That claim is the subject of the present Motion for Summary Judgment.

## II. DISCUSSION

**A. Standard of Review**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Canby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that

---

[2] "This insurance does not apply to: . . . 'Personal and advertising injury': . . . Arising out of any violation of any intellectual property rights such as copyright patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity." (Doc. No. 3-5).

there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee Note). Here, Charlotte Insurance made a timely, limited objection to the portion of the Memorandum and Recommendation denying Charlotte Insurance's Motion for Summary Judgment. As such, this Court will provide *de novo* review of that portion of the Memorandum and Recommendation. The remaining portions of the Memorandum and Recommendation will be reviewed for clear error.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court reviews a motion for summary judgment, it draws inferences from the "underlying facts in the light most favorable to the nonmoving party." *Moore v. Winebrenner*, 927 F.2d 1312, 1313 (4th Cir. 1991). Unsupported speculation, however, is insufficient to defeat a motion for summary judgment. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996).

**B. Jafrum's Motion for Summary Judgment on the Breach of Fiduciary Duty Claim and Charlotte Insurance's Motion for Summary Judgment on the Negligence Claim**

After a careful review of the record in this case, the Court finds that the Magistrate Judge's findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law. Thus, the Memorandum and Recommendation as to Jafrum's Motion for Summary Judgment on the breach of fiduciary duty claim and Charlotte Insurance's Motion for Summary Judgment on the negligence claim are hereby **ACCEPTED and ADOPTED.** Charlotte Insurance's Motion for Summary Judgment on the negligence claim

4

is **GRANTED.** (Doc. No. 74). Jafrum's Motion for Summary Judgment on the breach of fiduciary duty claim is **DENIED** (Doc. No. 71).

C. **Charlotte Insurance's Motion for Summary Judgment on the Breach of Fiduciary Duty Claim**

Charlotte Insurance made one objection to the Memorandum and Recommendation issued by Magistrate Judge Keesler. The objection dealt only with the denial of Charlotte Insurance's Motion for Summary Judgement on the breach of fiduciary duty claim. For the reasons set forth below, the Memorandum and Recommendation is **REJECTED**, and Charlotte Insurance's Motion for Summary Judgment is **GRANTED**.

Jafrum's suit against Charlotte Insurance claimed that Charlotte Insurance breached its fiduciary duty to Jafrum by not obtaining trademark and copyright insurance on Jafrum's behalf. In North Carolina, a claim for breach of a fiduciary duty that does not rise to the level of constructive fraud must be brought within three years of the date of accrual. *Shallotte Partners, LLC v. Berkadia Commercial Mortg., LLC*, 2015 WL 4081963, at *11 (N.C. Ct. App. July 7, 2015). The date of accrual is when the breach is discovered or when it would have been discovered with reasonable diligence. *See Piles v. Allstate Ins. Co.*, 653 S.E.2d 181, 185 (N.C. Ct. App. 2007); *State Farm & Casualty Co. v. Darsie*, 589 S.E.2d 391, 397 (N.C. Ct. App. 2003).

Whether a party used reasonable diligence is ordinarily a question for the jury. *State Farm*, 589 S.E.2d at 397. However, when the uncontradicted evidence shows that a party had both the capacity and opportunity to discover the breach but did not do so, "the absence of reasonable diligence is established as a matter of law." *Id.* (citing *Moore v. Fidelity & Casualty Co. of New York,* 177 S.E. 406, 408 (1934).

5

In *Holmes v. Sheppard*, the North Carolina Court of Appeals affirmed summary judgment on a negligent misrepresentation claim holding that the use of reasonable diligence can be decided as a matter of law. *Holmes v. Sheppard*, 805 S.E.2d 371, 376 (N.C. App. 2017). *Holmes* involved the issuance of an insurance policy to a landowner after the landowner had specifically requested coverage for vacant households. *Id.* at 373-74. The insurance company issued a policy to the landowner that specifically excluded coverage of vacant households. *Id.* The company sent the policy to the landowner, but the landowner did not read that policy. *Id.* When the landowner attempted to collect on the policy, the company denied the claim due to the exclusion. *Id.* The landowner sued, and the trial court granted summary judgment. *Id.*

The North Carolina Court of Appeals affirmed the grant of summary judgment on the grounds that the landowner could have discovered the negligent misrepresentation with the use of reasonable diligence. *Id.* at 376. The court reasoned that the landowner received the policy and had it in his possession. *Id.* Even though the landowner believed the policy covered vacant households based on his communication with the insurance agent, a simple reading of the policy would have shown otherwise. *Id.* Since the landowner could have discovered the truth by a simple reading, the court affirmed summary judgment in that case. *Id.*

This Court finds that the claim in this case accrued in March of 2011 because a reasonably diligent entity would have discovered the alleged breach at that time. Jafrum received the policy in March of 2011. Like the landowner in *Holmes*, at the time Jafrum received the policy, there was nothing preventing Jafrum from reading the policy. Despite that, Jafrum did not read the policy. Like the landowner in the *Holmes* case, Jafrum failed to use reasonable diligence by not reading the policy.

Jafrum argues that the list of exclusions Charlotte Insurance sent in 2009 deterred Jafrum from reading the policy which in turn presents a genuine issue of material fact to defeat summary judgment. That argument fails. In *Holmes*, the landowner claimed that the insurance agent promised that the policy would "meet his needs" after the landowner specifically requested vacancy coverage. A simple reading of the policy would have shown otherwise as the policy contained a vacancy exclusion. The North Carolina Court of Appeals found that the landowner's failure to read the policy constituted a lack of reasonable diligence as a matter of law. Here, Jafrum had the same opportunity to read the policy. Therefore, as a matter of North Carolina law, Jafrum could have discovered the breach by use of reasonable diligence in March of 2011.

Jafrum also argues that the "byzantine" nature of the policy prevented Jafrum from reading it. Jafrum argues that due to the length of the document, it would take more than reasonable diligence to know the contents of the policy, and therefore, a genuine issue of material fact exists as to when the cause of action accrued. Likewise, this argument fails. The CEO of Jafrum stated that trademark and copyright infringement insurance was a "main concern" to the company. However, when he received the policy, the CEO did not check to confirm that the policy provided that coverage. Reasonable diligence requires a company to confirm that the policy contains any bargained for provisions. *See id.* at 375 ("if a person of mature years of sound mind who can read or write signs or accepts a deed or formal contract affecting his pecuniary interest, it is his duty to read it, and knowledge of the contents will be imputed to him"). Here, Jafrum failed to use reasonable diligence by not reading the insurance policy in March of 2011.

The operative question before this Court is when the breach of fiduciary duty cause of action accrued. The action accrued at the point the breach would have been discovered by use of

reasonable diligence. The exercise of reasonable diligence would have illuminated the breach in March of 2011. Therefore, the cause of action accrued in March of 2011. No reasonable jury could find otherwise.

Jafrum did not file this suit until November of 2014. This is more than three years after the accrual of the cause of action, and therefore, falls outside of the three-year statute of limitations. Accordingly, this cause of action is time-barred.

### III. CONCLUSION

For the reasons stated above, the Memorandum and Recommendation is **ACCEPTED** in part and **REJECTED** in part. Third-Party Plaintiff Jafrum's Motion for Summary Judgment as to the breach of fiduciary duty claim is **DENIED**. Third-Party Defendant Consolidated Marketing Group d/b/a Charlotte Insurance's Motion for Summary Judgment is **GRANTED**.

Signed: September 10, 2018

Graham C. Mullen
United States District Judge